UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN GRAY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | CIVIL ACTION NO.: |
| v. | * | |
| | * | |
| | * | CV412-150 |
| OGLETHORPE INN, INC., GLENN | * | |
| ANDERSON, and LISA TAYLOR | * | JURY TRIAL REQUESTED |
| | * | |
| Defendants. | * | |
| | * | |

## COMPLAINT

COMES NOW Plaintiff, John Gray, by and through the undersigned counsel, and hereby files this, his Complaint against the above-named Defendants, showing the Court as follows:

### NATURE AND PURPOSE

1.

This is an action for damages and injunctive relief arising out of injuries caused and perpetuated by Defendants in violation of Mr. Gray's rights under applicable law.

2.

Mr. Gray seeks redress for injuries arising out of the racially discriminatory conduct of Defendants, conduct that was so offensive that no reasonable person should be required to tolerate it as a condition of employment.

3.

In violating Mr. Gray's rights and causing him injury, the Defendants have engaged in

abusive and disreputable conduct, and have caused substantial financial and emotional harm to Mr. Gray and have further caused embarrassment and shame to him within this community.

4.

Mr. Gray's rights under the following statute have been violated by Defendant Oglethorpe Inn, Inc.: the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

5.

Mr. Gray's rights under the following statute have been violated by Defendant Oglethorpe Inn, Inc. and by Defendants Glenn Anderson and Lisa Taylor: the Civil Rights Act of 1866, 42 U.S.C. § 1981.

6.

All conditions precedent to jurisdiction under the Civil Rights Act of 1964 have occurred, including Mr. Gray's exhaustion of all applicable administrative remedies, including specifically, his filing of a timely charge of race discrimination with the U.S. Equal Employment Opportunity Commission (EEOC). Mr. Gray has timely filed this Complaint within ninety (90) days of receipt of the EEOC right-to-sue letter mailed on February 24, 2012.

## JURISDICTION AND VENUE

7.

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) because the matters in controversy arise under the Constitution and civil rights laws of the United States.

8.

Venue is proper in this Court under 28 U.S.C. § 1391 because it is a district where all Defendants reside or do business and where a substantial part of the events giving rise to Mr.

Gray's claims occurred.

## PARTIES

**9.**

Plaintiff John Gray is a Caucasian, white citizen of the United States and a resident of the State of Georgia and Chatham County.

**10.**

Defendant Oglethorpe Inn, Inc. (hereinafter Oglethorpe Inn) is located in Chatham County, Georgia and can be served with process by serving its Registered Agent James C. McCallar, Jr. at 115 West Oglethorpe Avenue, Savannah, Georgia 31401.

**11.**

Defendant Oglethorpe Inn is a hotel and an industry affecting commerce and said Defendant was an employer of Mr. Gray at all times relevant to this action.

**12.**

Defendant Glenn Anderson is, and was at all times relevant to this action, employed as a General Manager for Oglethorpe Inn with supervisory responsibilities over Mr. Gray. He is a resident of Chatham County, Georgia and can be served with process at his workplace at 115 West Oglethorpe Avenue, Savannah, Georgia 31401.

**13.**

Defendant Lisa Taylor is, and was at all times relevant to this action, employed as the Housekeeping/Assistant Manager at Oglethorpe Inn with supervisory responsibilities over Mr. Gray. She is an African-American, black, resident of Chatham County, Georgia and can be served with process at her workplace at 115 West Oglethorpe Avenue, Savannah, Georgia 31401.

## STATEMENT OF FACTS

### 14.

Mr. Gray was hired by Oglethorpe Inn on approximately February 1, 2009 in a position of "facilities engineer" in charge of hotel maintenance. At all times, Mr. Gray was qualified for his position of employment and performed his job well.

### 15.

The racial attitudes of Defendant first became apparent to Mr. Gray in or about March 2009 during a conversation with Mr. Gray and Defendants Glenn Anderson and Lisa Taylor. The conversation was about another employee and this employee's physical ability to move air conditioners. After Mr. Gray offered his opinion, Defendant Lisa Taylor answered back with "You are a smart little white boy." Ms. Taylor's and Mr. Gray's manager, Defendant Glenn Anderson, was present and heard this comment but took no measures to defend Mr. Gray or to correct Defendant Lisa Taylor's conduct.

### 16.

Within approximately two months of being employed, Mr. Gray was told by Defendant Glenn Anderson, "the biggest thing you have going against you is you're not black."

### 17.

On many occasions over the approximate two-years of Mr. Gray's employment with Defendant Oglethorpe Inn, Defendant Glenn Taylor heard Defendant Lisa Taylor make comments to Mr. Gray like "smart little white ass," "white boy," and similar comments all made directly to Mr. Gray in a derogatory context and manner. Mr. Gray objected and complained to his manager, Defendant Glenn Anderson, but Mr. Anderson did nothing to remedy Defendant Lisa Taylor's conduct.

**18.**

Mr. Gray complained numerous times to his manager, Defendant Glenn Anderson, of harassment and hostile work environment during his employment.

**19.**

After complaining, neither his manager nor other hotel management took any action that effectively relieved Mr. Gray from the harassment.

**20.**

Indeed, after hearing Mr. Gray's complaints, Defendant Glenn Anderson stated to Mr. Gray that *he* (Mr. Gray) must take actions to change Defendant Lisa Taylor's attitude toward him, including but not limited to, buying Ms. Taylor lunch, calling Ms. Taylor "Miss Lisa," washing Ms. Taylor's car, and washing the hotel floor on his hands and knees in front of Ms. Taylor without using a mop. Reluctantly, and in order to avoid further unjustified disciplinary action and possible termination, Mr. Gray complied with Defendant Glenn Anderson's directions.

**21.**

Mr. Gray remained employed with Defendant Oglethorpe Inn until May 30, 2012 when he was discharged by Defendant Glenn Anderson.

**22.**

During his employment, Mr. Gray was given several false disciplinary actions by Defendant Glenn Anderson. Two weeks prior to Mr. Gray's discharge, in the context of a false disciplinary action, Defendant Glenn Anderson stated to Mr. Gray, "you and Lisa just don't get along . . . you're a white guy and a northerner."

**23.**

On the day of his termination, Defendant Glenn Anderson stated to Mr. Gray, "Like I said to you two weeks ago, you have two strikes against you, you're not black and you're a northerner." And with that comment, Defendant Glenn Anderson terminated Mr. Gray's employment with Defendant Oglethorpe Inn.

## COUNT ONE

## CIVIL RIGHTS ACT OF 1964
## HOSTILE WORK ENVIRONMENT - RACIAL DISCRIMINATION

**24.**

The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

**25.**

Mr. Gray's supervisors, Defendants Glenn Anderson and Lisa Taylor, subjected Mr. Gray to harassment because of his race, and that harassment was, objectively and subjectively, severe and pervasive such that it altered the conditions of his employment, creating a hostile and abusive work environment.

**26.**

Mr. Gray utilized every possible employer-provided means of preventing and correcting the harassment by his supervisors and seeking prompt remedial action, but no such remedial action was forthcoming.

**27.**

As a direct and proximate consequence of Defendants' actions or inactions, as described herein, Mr. Gray was subjected to intentional and unlawful discrimination on the basis of his

race, white, Caucasian, in the terms and conditions of his employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e, *et seq.*

### 28.

Defendants knowingly, willfully and intentionally discriminated against Mr. Gray, as set forth above and as further to be proved at trial, on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S. C. § 2000e, *et seq.*

### 29.

As a direct, legal and proximate result of this discriminatory conduct, Mr. Gray has suffered significant financial loss, severe emotional distress, physical injury and physical sickness, and other injuries to be proved at trial.

### 30.

Accordingly, Mr. Gray seeks compensatory, punitive and other damages and expenses allowed by law against Defendant Oglethorpe Inn in an amount to be proved at trial.

### 31.

Mr. Gray further seeks all available declaratory and equitable relief against Defendant Oglethorpe Inn and for Mr. Gray, as appropriate.

## COUNT TWO

## CIVIL RIGHTS ACT OF 1866
## HOSTILE WORK ENVIRONMENT – RACIAL DISCRIMINATION

### 32.

The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

**33.**

The actions of each Defendant to harass and perpetuate harassment against Mr. Gray denied him the rights enjoyed by his black, African-American counterparts to make and enforce his contract of employment and to have the full and equal benefit of all laws as is enjoyed by black, African-American citizens, as described above and to be further proved at trial, because of his race, white, Caucasian, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**34.**

These discriminatory actions and inactions of Defendants were committed intentionally and, as a direct, legal and proximate result of this discriminatory conduct, Mr. Gray has suffered significant financial loss, severe emotional distress, physical injury and physical sickness, and other injuries to be proved at trial.

**35.**

Accordingly, Mr. Gray seeks compensatory, punitive and other damages and expenses allowed by law against each Defendant in an amount to be proved at trial.

**36.**

Mr. Gray further seeks all available declaratory and equitable relief against all Defendants and for Mr. Gray, as appropriate.

## COUNT THREE

### CIVIL RIGHTS ACT OF 1964
### DISPARATE TREATMENT IN TERMS AND CONDITIONS OF EMPLOYMENT, INCLUDING TERMINATION – RACIAL DISCRIMINATION

**37.**

The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

**38.**

Mr. Gray's race, white, Caucasian was the reason for the Defendants' disparate and abusive treatment as set forth hereinabove, including without limitation, Defendants' decisions to falsely discipline and then terminate him.

**39.**

At the time of Mr. Gray's employment as "facilities engineer" in charge of hotel maintenance with Defendant Oglethorpe Inn, there existed no employment positions similar to Mr. Gray's employment position.

**40.**

Mr. Gray was well qualified for his position and he was performing his job at a superior level at all times. The reasons given for Mr. Gray's disparate and abusive treatment, including without limitation Defendants' decisions to discipline and then terminate him, were expressly explained as being based on racial discrimination, which motivated the actions or inaction of Defendants.

**41.**

Defendants knowingly, willfully and intentionally discriminated against Mr. Gray, as set forth above and as further to be proved at trial, on the basis of his race in violation of the Civil Rights Act of 1964, 42 U.S. C. § 2000e, *et seq.*

**42.**

As a direct, legal and proximate result of this discriminatory conduct, Mr. Gray has suffered significant financial loss, severe emotional distress, physical injury and physical sickness, and other injuries to be proved at trial.

**43.**

Accordingly, Mr. Gray seeks compensatory, punitive and other damages and expenses allowed by law against Defendant Oglethorpe Inn in an amount to be proved at trial.

**44.**

Mr. Gray further seeks all available declaratory and equitable relief against Defendant Oglethorpe Inn and for Mr. Gray, as appropriate.

### COUNT FOUR

### CIVIL RIGHTS ACT OF 1866
### DISPARATE TREATMENT IN TERMS AND CONDITIONS OF EMPLOYMENT, INCLUDING TERMINATION – RACIAL DISCRIMINATION

**45.**

The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

**46.**

Mr. Gray's race, white, Caucasian was the reason for the Defendants' disparate and abusive treatment as set forth hereinabove, including without limitation, Defendants' decisions to discipline and then terminate him.

**47.**

At the time of Mr. Gray's employment as "facilities engineer" in charge of hotel maintenance with Defendant Oglethorpe Inn, there existed no employment positions similar to Mr. Gray's employment position.

**48.**

Mr. Gray was well qualified for his position and he was performing his job at a superior level at all times. The reasons given for Mr. Gray's disparate and abusive treatment, including

without limitation Defendants' decisions to discipline and then terminate him, were expressly explained as being based on racial discrimination, which motivated the actions or inaction of Defendants.

**49.**

The actions and inaction of each Defendant denied Mr. Gray the rights enjoyed by his black, African-American counterparts to make and enforce his contract of employment and to have the full and equal benefit of all laws as is enjoyed by black, African-American citizens, as described above and to be further proved at trial, because of his race, white, Caucasian, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

**50.**

These discriminatory actions and inactions of Defendants were committed intentionally and, as a direct, legal and proximate result of this discriminatory conduct, Mr. Gray has suffered significant financial loss, severe emotional distress, physical injury and physical sickness, and other injuries to be proved at trial.

**51.**

Accordingly, Mr. Gray seeks compensatory, punitive and other damages and expenses allowed by law against each Defendant in an amount to be proved at trial.

**52.**

Mr. Gray further seeks all available declaratory and equitable relief against all Defendants and for Mr. Gray, as appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays that this Court:

    (a)    Take jurisdiction of this matter and declare Mr. Gray's rights under the laws

violated by Defendants;

(b) Permanently enjoin Defendants from further unlawful conduct;

(c) Award Mr. Gray compensatory damages, including without limitation, all back pay, benefits, and other forms of compensation lost as a result of Defendants' unlawful conduct;

(d) Award Mr. Gray front pay, as just, equitable and appropriate;

(e) Award Mr. Gray other nominal, general, special and consequential damages incurred as a result of Defendants' conduct;

(f) Award Mr. Gray prejudgment and postjudgment interest;

(g) Award Mr. Gray punitive damages;

(h) Award Mr. Gray his costs and expenses of this action, including reasonable attorney fees as authorized by law;

(i) Grant a trial by a jury of twelve persons; and

(j) Award such other and further legal and equitable relief as will effectuate the purposes of applicable law, or as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this 24th day of May, 2012.

/s/ S. Wesley Woolf
S. WESLEY WOOLF
Georgia Bar No. 776175
*Attorney for Plaintiff*

S. WESLEY WOOLF, P.C.
408 East Bay Street
Savannah, Georgia 31401
T: (912) 201-3696
F: (912) 236-1884
woolf@woolflawfirm.net

Please also reply to:

Matthew C. Billips
BILLIPS & BENJAMIN, LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
T: (770) 859-0753
F: (770) 859-0752
Billips@bandblawyers.com
*Attorney for Plaintiff*